

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00175-CR

**REGINALD KEITH THOMAS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court**
**McLennan County, Texas**
**Trial Court No. 2014-290-C1**

## MEMORANDUM OPINION

Reginald Keith Thomas was convicted of two counts of aggravated sexual assault and sentenced to 40 years in prison on each count. *See* TEX. PENAL CODE ANN. § 22.021. The sentences were ordered to run concurrently.

Thomas's appellate attorney filed a motion to withdraw and an *Anders* brief in support of the motion to withdraw, asserting that the appeal presents no issues of arguable merit. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel advised Thomas that counsel had filed the motion and brief pursuant to *Anders*,

advised Thomas of his right to review the record, and advised Thomas of his right to submit a response on his own behalf. Thomas did not submit a response.

Counsel asserts in the *Anders* brief that counsel has made a thorough review of the entire record, including the sufficiency of the indictment; adverse rulings; jury selection and instructions; the sufficiency of the evidence; the reasonableness of the sentence; and any possible fundamental errors. After the review, counsel concludes there is no non-frivolous issue to raise in this appeal. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

Upon the filing of an *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining that an appeal is frivolous. *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

Having carefully reviewed the entire record and the *Anders* brief, we have determined that this appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's Judgment of Conviction by Jury (Count I) signed on May 17, 2018 and the trial court's Judgment of Conviction by

Jury (Count II) signed on May 17, 2018.

Should Thomas wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. No substitute counsel will be appointed. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration has been overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motion to withdraw from the representation of Thomas is granted, and counsel is discharged from representing Thomas. Notwithstanding counsel's discharge, counsel must send Thomas a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Affirmed
Opinion delivered and filed May 29, 2019
Do not publish
[CR25]

